# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICHARD E. ENYART,**

    **Plaintiff,**

    v.

                                    **Civil Action 2:17-cv-877**
                                    **Judge George C. Smith**
                                      **Magistrate Judge Elizabeth P. Deavers**

**RON O'BRIEN,** *et al.,*

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, a state inmate under the supervision of the Ohio Department of Rehabilitation and correction, brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF Nos. 1 & 16.) This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendants for failure to assert any claim over which this Court has subject matter jurisdiction.

**I.**

Congress has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief maybe granted. 2 8 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill* v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

A federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.**

According to the Complaint, Defendants were involved in various capacities with searches of Plaintiff's residence and Plaintiff's subsequent arrest, police interrogation, and

prosectution in 2007.  (ECF No. 1 at 4-.11)  Plaintiff argues that Defendants' actions violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution.  (*Id*. at 12-21.)  Plaintiff seeks various declaratory judgments; nominal, compensatory, and punitive damages against all defendants; and, an award of costs and fees.  (*Id*. at 24.)

### III.

**A.  Statute of Limitations**

Plaintiff purports to bring his claims under 42 U.S.C. § 1983.  (*Id*. at 2.)  The statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1983 is the two-year statute of limitations found in Ohio Revised Code § 2305.10.  *Boddie v. Barstow*, No. 2:14-CV-0106, 2014 WL 2611321, at *2 (S.D. Ohio May 2, 2014), report and recommendation adopted, No. 2:14-CV-106, 2014 WL 2608123 (S.D. Ohio June 11, 2014) (citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)).

"Although the statute of limitations is normally an affirmative defense that must be raised by defendants in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process."  *Boddie*, 2014 WL 2611321, at *3 (citing *Watson v. Wayne County*, 90 F. App'x. 814, at *1 (6th Cir. January 26, 2004)) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*").  This Court has applied that rule in cases screened under § 1915A.  *Id*. (citing *Smith v. Warren County Sherif's Dept.*, 2010 WL 761894 (S.D. Ohio March 2, 2010)).  Accordingly, the Court must look to the allegations in the Complaint to determine whether the action has been filed within the applicable two-year period.

Here, it is clear that all of the conduct alleged in the Complaint occurred prior to the applicable two-year period. The alleged actions took place ten years ago, between August and January 2008. (ECF No. 1). The Undersigned, therefore, recommends that the Complaint be dismissed for failure to state a claim on which relief may be granted.

**B. Habeas Corpus Claims**

Plaintiff purports to bring this action under 42 U.S.C. § 1983. To the extent that Plaintiff seeks an order declaring that his state court conviction was obtained in violation of his rights guaranteed under the United States Constitution, however, Plaintiff must proceed by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 787 (1994); *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for a prisoner who seeks immediate or speedier release from confinement."). A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside. *Heck*, 512 U.S. at 487. Here, Plaintiff seeks declaratory judgments that his Fourth, Sixth, and Fourteenth Amendment rights were violated during evidentiary searches, his arrest, post-arrest

---

[1] The Court notes that Plaintiff has already sought post-conviction relief, including *habeas corpus* relief, in both the state and federal courts on grounds identical to those presented here. Plaintiff was denied relief in both systems, and in both cases the U.S. Supreme Court declined to issue a writ of certiorari. *Enyart v. Coleman*, 29 F. Supp. 3d 1059 (N.D. Ohio 2014), *petition for cert. denied sub nom. Enyart v. Erdos*, 136 S. Ct. 339 (2015) (denying cert. for *habeas corpus* review); *State v. Enyart*, Nos. 08AP-184, 08AP-318, 2010 WL 4681889 (Ohio App. 10th Nov. 18, 2010), *petition for cert. denied sub nom. Enyart v. Ohio*, 565 U.S. 862 (2011) (denying cert. for direct review of his state court conviction).

searches, and post-arrest police interrogation, which would necessarily implicate the validity of his conviction. A judgment for plaintiff, therefore, would necessarily undermine his criminal conviction. Consequently, the Complaint fails to state a claim for relief under 42 U.S.C. § 1983.

If, alternatively, the "due process" which Enyart seeks consists of monetary damages from Defendants, he cannot recover damages in a § 1983 proceeding, based on the doctrine set forth in *Heck*. Plaintiff's allegations that Defendants violated his constitutional rights during various stages of his state criminal case amount to no more than a collateral challenge of his imprisonment. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck*, 512 U.S. at 486–87. In other words, before Plaintiff may seek money damages in a federal civil rights proceeding in which he appears to claim that his conviction was unlawfully obtained, he must first show that his conviction has been overturned or set aside.

## IV.

For the reasons explained above, Plaintiff's Complaint fails to assert any claim over which this Court has subject matter jurisdiction. Accordingly, the Undersigned finds that Plaintiff has not made out viable claims upon which relief may be granted against any of the named defendants. It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's claims pursuant to Section 1915A.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: November 13, 2017                          /s/ *Elizabeth A. Preston Deavers*
                                                              ELIZABETH A. PRESTON DEAVERS
                                                              UNITED STATES MAGISTRATE JUDGE