# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICHARD E. ENYART, JR.,**

       **Plaintiff,**

vs.                                          **Case No.: 2:17-cv-877**
                                               **JUDGE GEORGE C. SMITH**
                                               **Magistrate Judge Deavers**

**RON O'BRIEN,** *et al.*,

       **Defendants.**

## ORDER

On November 13, 2017, the United States Magistrate Judge issued an *Initial Screen Report and Recommendation* recommending that Plaintiff's claims be dismissed for failure to assert any claim over which this Court has subject matter jurisdiction. (*See Report and Recommendation*, Doc. 4). The parties were advised of their right to object to the *Report and Recommendation*. This matter is now before the Court on Plaintiff's Objections to the *Report and Recommendation and Order*. (*See* Doc. 15). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The objections present the same issues considered by the Magistrate Judge in the *Report and Recommendation*. Plaintiff objects to the Magistrate Judge's finding that his claims are barred by a two-year statute of limitations. The Court agrees that the allegations in the Complaint that form the basis for Plaintiff's claims occurred well before the two-year statute of limitations period. The alleged actions actually took place ten years ago, in 2008. Plaintiff argues that the statute of limitations period does not begin to run until he exhausted all of his state court/direct appeals, which occurred on October 12, 2015 when the United States Supreme

Court declined certiorari review. Plaintiff asserts that he filed this matter on October 10, 2017, within the applicable two-year period. However, Plaintiff is incorrect in his assertions. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a §1983 "cause of action for damage attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Those are not the circumstances that exist in this case.

Further, as set forth in detail in the *Report and Recommendation*, Plaintiff cannot challenge the validity of his conviction under § 1983. A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside. *Heck,* 512 U.S. at 487. Similarly, Plaintiff cannot seek to recover money damages under § 1983 unless he can prove the conviction or sentence has been overturned. *Id*. at 486-87. Therefore, to maintain this §1983 claim, Plaintiff must have succeeded in having his conviction overturned.

Therefore, for the reasons stated in detail in the *Report and Recommendation*, this Court finds that Plaintiff's objections are without merit and are hereby **OVERRULED**.

The *Report and Recommendation and Order,* Document 4, is **ADOPTED** and **AFFIRMED.** Plaintiff's Complaint is hereby **DISMISSED** for failure to state a claim.

The Clerk shall remove Documents 4 and 15 from the Court's pending motions list. The Clerk shall terminate this case.

    **IT IS SO ORDERED**.

    */s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**